# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| PARUS HOLDINGS INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION No. 6:21-cv-571-ADA |
| GOOGLE LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

## DEFENDANT GOOGLE LLC'S OPPOSED MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)

## TABLE OF CONTENTS

Page

I. FACTUAL BACKGROUND ........................................................................................... 1
    A. Google Assistant Witnesses And Documents Are Located In NDCA ................... 1
    B. No Relevant Parus Witnesses And Evidence Are Located In WDTX .................... 2
    C. Third-Party Witnesses And Evidence Are Located In NDCA ............................... 3
II. LEGAL STANDARD ..................................................................................................... 4
III. NDCA IS A CLEARLY MORE CONVENIENT FORUM THAN WDTX ..................... 4
    A. This Case Could Have Been Filed In NDCA ........................................................ 5
    B. All Private Interest Factors Heavily Favor Transfer To NDCA ............................ 5
        1. Cost Of Attendance For Willing Witnesses Heavily Favors Transfer ........................................................................................................ 5
        2. Relative Ease Of Access To Sources Of Proof Heavily Favors Transfer ........................................................................................................ 8
        3. Availability Of Compulsory Process Heavily Favors Transfer .................. 8
        4. Other Practical Problems For An Easy, Expeditious, And Inexpensive Case Favor Transfer............................................................... 9
    C. The Public Interest Factors Weigh In Favor Of Transfer .................................... 11
        1. NDCA's Local Interest In The Dispute Favors Transfer .......................... 11
        2. The Remaining Public Interest Factors Are Neutral................................. 11
IV. CONCLUSION............................................................................................................... 12

## TABLE OF AUTHORITIES

Page

**CASES**

*Datascape, Ltd. v. Dell Techs., Inc.*,
   2019 WL 4254069 (W.D. Tex. June 7, 2019) ........................................................................... 9

*HD Silicon Sols. LLC v. Microchip Tech. Inc.*,
   2021 WL 4953884 (W.D. Tex. Oct. 25, 2021) .......................................................................... 8

*Hoffman v. Blaski*,
   363 U.S. 335 (1960) ................................................................................................................... 4

*In re Acer Am. Corp.*,
   626 F.3d 1252 (Fed. Cir. 2010) ............................................................................................... 11

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020) .......................................................................................... 5, 11

*In re Apple, Inc.*,
   581 F. App'x 886 (2014) ........................................................................................................... 5

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) ................................................................................................. 5

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ..................................................................................... 6, 8, 12

*In re Google Inc.*,
   2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ........................................................................... 11

*In re Google LLC*,
   2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ................................................................ 7, 8, 11

*In re Google LLC*,
   2021 WL 4592280 (Fed. Cir. Oct. 6, 2021) ............................................................................ 11

*In re Google LLC*,
   2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ........................................................................... 8

*In re Hulu, LLC*,
   2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ......................................................................... 6, 9

*In re Juniper Networks, Inc.*,
   14 F.4th 1313 (Fed. Cir. 2021) ................................................................................................. 6

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009) ................................................................................................. 5

# TABLE OF AUTHORITIES
### (continued)

Page

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) .................................................................................... 4, 5, 7

*Parus Holdings Inc. v. Apple Inc.*,
    No. 6:21-cv-968-ADA (W.D. Tex.)..................................................................................... 10

*Parus Holdings Inc. v. LG Elecs. Inc.*,
    No. 6:19-cv-432 (W.D. Tex.)....................................................................................... passim

*Parus Holdings Inc. v. Microsoft Corp.*,
    No. 6:21-cv-570-ADA (W.D. Tex.)..................................................................................... 10

*Parus Holdings Inc. v. Samsung Elecs. Corp.*,
    No. 6:21-cv-1073-ADA (W.D. Tex.)................................................................................... 10

*Polaris Innovations Ltd. v. Dell, Inc.*,
    2016 WL 7077069 (W.D. Tex. Dec. 5, 2016) ....................................................................... 8

*XY, LLC v. Trans Ova Genetics, LC*,
    2017 WL 5505340 (W.D. Tex. Apr. 5, 2017)........................................................................ 8

## **STATUTES**

28 U.S.C. § 1400(b) ................................................................................................................... 5

28 U.S.C. § 1404(a) ............................................................................................................... 1, 4

Pursuant to 28 U.S.C. § 1404(a), Defendant Google LLC ("Google") seeks transfer of this action to the Northern District of California ("NDCA"). This lawsuit should be transferred to NDCA because the action's center of gravity is in NDCA, not in Texas. This Court has already transferred a related litigation to NDCA, where Plaintiff Parus Holdings Inc. ("Parus") asserted related patents against the same accused product—Google Assistant. This case should be transferred for the same reasons. The most relevant witnesses are Google's employees knowledgeable about Google Assistant, most of whom are in NDCA. Relevant third-party witnesses and evidence are similarly in NDCA, including Parus's former Chief Technical Officer Salil Pradhan and witnesses knowledgeable about prior art telephonic web browsing systems and intelligent agents that predate Parus's alleged inventions. Conversely, neither Parus nor Google has any relevant connections to this District—Google has no Google Assistant engineers based in the Western District of Texas ("WDTX"), and Parus has no ties to WDTX. NDCA is clearly the more convenient forum.

## I.   FACTUAL BACKGROUND

### A.   Google Assistant Witnesses And Documents Are Located In NDCA

Parus accuses Google Assistant features of infringing U.S. Patent Nos. 6,721,705, 7,881,941, 7,386,455, 7,516,190, 8,185,402, and 9,769,314 (collectively, "the Asserted Patents"). Dkt. 26-1, ¶¶ 2, 27.

Google witnesses knowledgeable about the accused functionality in Google Assistant are in NDCA. Google is headquartered in Mountain View, California, and the majority of Google's worldwide workforce works from offices in NDCA. Declaration of Andrew Rope ("Rope Decl.") ¶¶ 2-3. Google researches, designs, and develops the accused functionality in NDCA. *Id.* ¶ 4. The Google engineers who may testify about the accused functionality—including the functionalities accused of "retriev[ing] information in response to a speech command," and

"controlling . . . items in a remote system using audio commands"—are primarily in Google's Mountain View, California offices.  *Id.*; *see* Dkt. 26-1 ¶¶ 21, 23.  ▉

▉

▉ *Id.* ¶ 4a. ▉

▉

▉ *Id.* ¶ 4b. ▉

▉

▉ *Id.* ¶ 4c. ▉

▉

▉ *Id.* ¶ 4d. ▉

▉ *Id.* ¶¶ 4a-d.

Google witnesses knowledgeable about Google Assistant finance and marketing are also in NDCA.  ▉

▉. *Id.* ¶ 4e. ▉

▉

▉ *Id.* ¶ 4f.

Documents generated by the foregoing employees are similarly created and maintained by employees who work out of Google's Mountain View, California offices.  *Id.* ¶ 5.  Any relevant hard copy documents in the custody of these witnesses would be located in NDCA.  *Id.*  No such physical documents would be located in WDTX.  *Id.*

**B.      No Relevant Parus Witnesses And Evidence Are Located In WDTX**

Parus is a Delaware corporation headquartered in Illinois.  Google is unaware of any Parus witnesses or documents in WDTX.

C.   **Third-Party Witnesses And Evidence Are Located In NDCA**

Parus's former Chief Technical Officer, Salil Pradhan, is located in San Jose, California (Ex. A). He was Parus's Chief Technical Officer when Parus filed its first lawsuit against Google. Ex. B; *see Parus I*, No. 6:19-cv-432-ADA, Dkt. 60 at 2.

NDCA was a hub for the development of telephonic web browsing systems and intelligent agents during the dot-com era, in and before 2000. These systems are highly relevant prior art. Examples of such systems and the knowledgeable witnesses who reside in NDCA include:

| Company | Company Location | Witnesses | Roles |
|---|---|---|---|
| Tellme Networks (Exs. C-1 to C-2) | Mountain View, CA | Mike McCue | Founder |
| BeVocal, Inc. (Exs. D-1 to D-3) | Mountain View, CA | Mikael Berner, Steve Tran | Founders |
| SRI International (Exs. E-1 to E-5) | Palo Alto, CA | Douglas Moran, Adam Cheyer, Luc Julia, David Martin | Open Agent Architecture Developers |
| General Magic (Exs. F-1 to F-2) | Mountain View, CA | Marc Porat | Founder |

By the time Parus filed the Asserted Patents, companies such as these had already released telephonic web browsing systems, with phone numbers that users could call to obtain web information, which is the type of system described in the specification of Parus's Asserted Patents. For example, by 2000, Tellme Networks provided a phone number "combining the power of the Internet with the convenience of the telephone" that allowed users to "instantly find and connect with restaurants, airlines, movie listings, news, weather, sports, stock quotes, traffic, friends, and more." Ex. C-1. Similarly, by 2000, BeVocal, Inc. "provid[ed] quick and convenient access to personalized Internet content and services via telephone," using "spoken commands" to obtain "point-to-point driving directions, real-time traffic reports, flight information, stock quotes, and weather." Ex. D-1. SRI International—the organization that spun off Siri Inc.—developed well before 2000 its Open Agent Architecture, which integrates speech recognition with a variety of

applications. Ex. E-1. And in or around 1996, General Magic began development of the Portico virtual assistant, also known as magicTalk, an early voice assistant. Exs. F-1 & F-2. Witnesses knowledgeable about each of these prior art references reside in NDCA.

## II. LEGAL STANDARD

To evaluate transfer under 28 U.S.C. § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc). If so, courts weigh eight private and public factors:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive[;] . . . [5] the administrative difficulties flowing from court congestion; [6] the local interest in having localized interests decided at home; [7] the familiarity of the forum with the law that will govern the case; and [8] the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* at 315 (internal citations and quotation marks omitted). Courts evaluate these factors based on "the situation that existed when the suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

## III. NDCA IS A CLEARLY MORE CONVENIENT FORUM THAN WDTX

This Court already transferred a related litigation involving the same plaintiff, related patents, and the same accused product (Google Assistant) to NDCA, concluding that NDCA was clearly more convenient than WDTX. *Parus Holdings Inc. v. LG Elecs. Inc.* ("*Parus v. LG*"), No. 6:19-cv-432 (W.D. Tex.), Dkt. 161. This motion should be granted for the same reasons. NDCA, a forum in which this action could have been brought, is the most convenient forum for this case because nearly all of the relevant witnesses are located in NDCA, including the Google engineers who develop Google Assistant, Parus's former Chief Technology Officer, and key third-party engineers who developed and released publicly available prior art systems before Parus filed its

first patent on the technology. Conversely, neither Parus nor Google has any relevant ties to this District. While Google has offices in Austin, the relevant inquiry is whether Google has a presence that is ***related*** to the litigation. *In re Apple Inc.* (Uniloc), 979 F.3d 1332, 1345 (Fed. Cir. 2020); *In re Apple, Inc.* (EON Corp.), 581 F. App'x 886, 889 (2014) ("Apple identified at least eight prospective party witnesses in the transferee venue with relevant material information, while [the plaintiff] failed to identify a single prospective witness in [the transferor district]."). No witnesses relevant to this litigation are located in WDTX. "[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).

### A.   This Case Could Have Been Filed In NDCA

The "preliminary question under [28 U.S.C. §] 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen*, 545 F.3d at 312. Here, there is no dispute that Google's headquarters is in NDCA. *See* Dkt. 26-1, ¶ 3. Moreover, there is no dispute that Parus could have filed this lawsuit in NDCA, where Google has a "regular and established place of business." 28 U.S.C. § 1400(b); *see In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

### B.   All Private Interest Factors Heavily Favor Transfer To NDCA

Relevant party and third-party evidence is in NDCA, and no party or third party has any relevant connection to WDTX. The private interest factors weigh heavily in favor of transfer.

#### 1.   Cost Of Attendance For Willing Witnesses Heavily Favors Transfer

The cost of attendance for willing witnesses factor relates to the relative convenience of each forum to witnesses in the litigation, including costs in time and money. "The convenience of the witnesses is probably the single most important factor in the transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (internal citation omitted). Party witnesses

cannot be discounted because there are still inconveniences for those witnesses. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021); *see also In re Hulu, LLC*, 2021 WL 3278194, at *5 (Fed. Cir. Aug. 2, 2021).

Here, the cost of attendance for willing witnesses overwhelmingly favors transfer to NDCA. Not a single relevant witness is located in this District. NDCA, by contrast, is the home district of most of the key party and non-party witnesses. Google's key witnesses are Google engineers who know about the research, design, development, and testing of Google Assistant, who predominantly live and work in NDCA. *Supra* § I.A; Rope Decl. ¶¶ 4a-4d. These are the witnesses who can describe how the accused Google Assistant technology works.

Third-party witnesses located in NDCA are also important in this litigation. For example, Parus's former Chief Technical Officer, Salil Pradhan, likely has knowledge of the operation and marketing of Parus's products and how Parus's products allegedly practice the patents. *Supra* § I.C. Further, commercially available prior art systems were developed and sold in NDCA before the Asserted Patents were filed. *Id.* By the time Parus applied for its Asserted Patents, Tellme and BeVocal were already selling products implementing the same telephonic web browsing functionality described in those applications, and SRI and General Magic had already developed computer agent technology. Google frequently calls on inventors of system prior art to testify at trial. *See, e.g.*, Ex. G *Profectus Tech. LLC v. Google LLC*, No. 20-cv-101 (W.D. Tex.), Dkt. 205 at 733:3-769:25 (testimony from prior art witness Susan West); *VideoShare, LLC v. Google LLC*, No. 6:19-cv-663 (W.D. Tex.), Dkt. 234 at 857:5-884:14 (testimony from prior art witness Nancy Miracle); *see also Hulu*, 2021 WL 3278194, at *4 (prior art witnesses relevant to compulsory process factor). These witnesses are within the subpoena power of NDCA, not WDTX.

"It is an 'obvious conclusion' that it is more convenient for witnesses to testify at home."

*Volkswagen*, 545 F.3d at 317. Witnesses who have to leave home "not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community." *Id.* The inconvenience of haling all of these key party and non-party witnesses from their homes in NDCA to WDTX is significant, resulting in costly and unnecessary travel expense, decreased employee productivity, and disruption to the personal lives of these witnesses, their families, and their communities. *In re Google LLC (Sonos)*, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen*, 545 F.3d at 317 (citation omitted). There is no direct flight from the San Francisco Bay Area to Waco. Commercial flights to Waco from the San Francisco Bay Area require at least 5 hours of flight time (including a layover in Dallas), even before accounting for time spent waiting at the airport and traveling to and from the airport, let alone the risk of missing a tight connection. Trac Decl. ¶ 18, Ex. I. Conversely, if this case were transferred to NDCA, Google engineers and willing third-party prior art witnesses could simply drive back and forth between court and their homes, which would be far more convenient for them. As the Court recognized when it transferred the related *Parus v. LG* lawsuit from WDTX to NDCA, "Google would have few potential witnesses in the WDTX," and "it would be more convenient for Google engineers to testify in NDCA." *Parus v. LG*, Dkt. 161 at 10.

The cost and inconvenience of travel from NDCA to WDTX for Google and third-party witnesses is substantial. Conversely, no relevant witness is at home in WDTX. Because the majority of party witnesses and potentially willing third-party witnesses reside in NDCA, with no relevant witnesses in WDTX, this factor weighs strongly in favor of transfer. *See, e.g., HD Silicon*

*Sols. LLC v. Microchip Tech. Inc.*, 2021 WL 4953884, at *5 (W.D. Tex. Oct. 25, 2021).

  **2. Relative Ease Of Access To Sources Of Proof Heavily Favors Transfer**

The ease of access to sources of proof is a close second to convenience of witnesses in relative importance among the transfer factors. *Polaris Innovations Ltd. v. Dell, Inc.*, 2016 WL 7077069, at *11 (W.D. Tex. Dec. 5, 2016) ("ease of access to evidence" and "cost and convenience for traveling witnesses" are "the most important factors"). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer," so "the place where the defendant's documents are kept weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345. For this factor, courts look at "the location where the allegedly infringing products were researched, designed, developed and tested," *XY, LLC v. Trans Ova Genetics, LC*, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017), that is, the location of the employees who create and maintain those documents. *Google*, 2021 WL 4427899, at *6; *see also In re Google LLC* (*Express Mobile*), 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021) (ease of access to sources of proof includes "considering the location of document custodians and location where documents are created and maintained").

Google researches, designs, develops, and tests Google Assistant in NDCA. *Supra* § I.A. Thus, as the Court has found, the location of the documents relevant in this case favors transfer. *Parus v. LG*, Dkt. 161 at 6. Moreover, prior art witnesses and evidence are also located in NDCA, including those relating to Tellme Networks, BeVocal, Inc., SRI International, and General Magic, organizations founded in Silicon Valley whose personnel remain in NDCA. *Supra* § I.C. In contrast, there is no indication that any relevant evidence—whether witnesses or documents—is in WDTX. Thus, the relative ease of access to sources of proof clearly favors transfer.

  **3. Availability Of Compulsory Process Heavily Favors Transfer**

The compulsory process factor focuses on unwilling, non-party witnesses. *Datascape, Ltd.*

*v. Dell Techs., Inc.*, 2019 WL 4254069, at *2 (W.D. Tex. June 7, 2019). "[W]here, as here, the movant has identified multiple third-party witnesses and shown that they are overwhelmingly located within the subpoena power of only the transferee venue, this factor favors transfer even without a showing of unwillingness for each witness." *Hulu*, 2021 WL 3278194, at *4. Google has identified four founding executives of three companies that sold relevant prior art systems—Tellme Networks, BeVocal, Inc., and General Magic—as well as four specific developers of SRI's prior art Open Agent Architecture system, who are most likely to have relevant information regarding these systems. *Supra* § I.C. These third parties are within the subpoena power of NDCA, but outside this Court's trial subpoena power, and thus could not be compelled to testify if this case remained in WDTX. Conversely, Google is unaware of any relevant third-party witnesses in WDTX. This factor weighs heavily in favor of transfer.

### 4. Other Practical Problems For An Easy, Expeditious, And Inexpensive Case Favor Transfer

Judicial economy favors transfer to NDCA. First, this case is in its early stages. The parties have only served preliminary infringement and invalidity contentions, claim construction exchanges have just begun, and general fact discovery has not yet opened. Transfer now would not cause delays.

Second, NDCA is a significantly more convenient venue not only for this case, but for nearly all of the pending Parus patent infringement case. Parus's newest lawsuits against Samsung and Apple also belong in NDCA, as demonstrated by their motions to transfer venue. Samsung is accused of infringing three of the Asserted Patents based on its use of Google Assistant on Samsung's devices, making Google a potential third party located in NDCA. *See Parus Holdings Inc. v. Samsung Elecs. Corp.* ("*Samsung II*"), No. 6:21-cv-1073-ADA (W.D. Tex.), Dkt. 8-1 ¶¶ 24, 29, 74; Dkt. 38. Apple, which is accused of infringing four of the Asserted Patents, is similar

to Google in that Apple's headquarters and the bulk of its design and development work on its accused product, Siri, are all in NDCA. *See, e.g.*, *Parus Holdings Inc. v. Apple Inc.* ("*Apple II*"), No. 6:21-cv-968-ADA (W.D. Tex.), Dkt. 31-1 ¶¶ 3, 25, 51, 75, 97; Dkt. 44. Transfer of all three cases would be more efficient, allowing a single court to address issues of claim construction, infringement and liability.

Moreover, Parus's first round of lawsuits against LG, Google, Samsung, and Apple–in which Parus asserts two related patents—also belongs in NDCA. This Court has already transferred the *Parus v. LG* case to NDCA, meaning that District is addressing not only overlapping issues relating to the patents such as claim construction and validity, but also overlapping issues of infringement, since Parus accuses LG of infringement based on LG's use of Google Assistant. And in this first set of lawsuits filed by Parus in WDTX, each of Google, Apple, and Samsung also have pending motions to transfer to NDCA. *See Parus Holdings Inc. v. Apple Inc.* (lead case), No. 6:19-cv-432, Dkts. 42, 60, 75. Those cases are stayed pending IPR, but the transfer motions are ripe for decision. Judicial economy favors transferring these cases as well, so that a single court can handle all issues as to these related cases. Because NDCA is a clearly more convenient forum for Google, Apple, Samsung, and LG, and the related LG case has already been transferred to NDCA, judicial economy favors transferring all of these cases to NDCA.

Third, in the case filed by Parus against Microsoft, Microsoft has moved to transfer from WDTX to the Western District of Washington. *Parus Holdings Inc. v. Microsoft Corp.*, No. 6:21-cv-570-ADA (W.D. Tex.), Dkt. 33. Because Microsoft has also sought transfer, that case does not weigh against transferring this case. *See In re Google Inc.*, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017) (concluding district court erred by relying on co-pending cases involving same patent when those cases also had pending motions to transfer).

"[T]he combination of multiple parties being headquartered in or near the transferee venue and no party or witness in the plaintiffs chosen forum is an important consideration" in deciding transfer. *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010). The strong ties to NDCA and nonexistent relevant ties to WDTX point strongly to NDCA as the proper forum for this lawsuit.

### C.  The Public Interest Factors Weigh In Favor Of Transfer

#### 1.  NDCA's Local Interest In The Dispute Favors Transfer

The local interest factor weighs the "significant connections between a particular venue and ***the events that gave rise to a suit***." *Apple*, 979 F.3d at 1345 (emphasis in original). Here, NDCA has a strong local interest in this dispute: Google was founded in NDCA, where it still maintains its headquarters and largest offices, and where Google developed the accused features and products in this case. *Supra* § I.A. By contrast, neither Google nor Parus has local ties to Waco. *See also Parus v. LG*, Dkt. 161 at 15. Although Google has an office in Austin, no development work on Google Assistant occurred there. "The fact that a party may have a general presence in a particular district does not give that district a special interest in the case. *In re Google LLC* (*Jenam*), 2021 WL 4592280, at *5 (Fed. Cir. Oct. 6, 2021). Accordingly, Google's general contacts with Austin should be set aside as "untethered to the lawsuit." *Apple*, 979 F.3d at 1345. Where "the accused products [are] designed and developed in the transferee venue and are not related to Google's presence in Texas," as they are here, "the local interest factor should [be] weighted strongly in favor of transfer." *Google*, 2021 WL 4427899, at *6. The local interests weigh strongly in favor of transfer.

#### 2.  The Remaining Public Interest Factors Are Neutral

Based on statistics from 2008 to the present, the median time to jury trial in patent cases is similar: 2.52 years in NDCA, versus 2.16 years in WDTX. Ex. J (Docket Navigator Time to Trial).

Additionally, since 2020, about 2,249 patent cases have been filed in WDTX, compared to about 456 cases in NDCA; the increasing volume of cases before this Court may impact time to trial. Ex. K (Docket Navigator Patent Cases by Year). Court speed "appears to be the most speculative" of the factors in the transfer analysis, and "should not alone outweigh all of [the] other factors." *Genentech*, 566 F.3d at 1347. The familiarity with governing law and conflict of laws factors is neutral, as both NDCA and this District are familiar with, and will apply, federal patent law.

## IV. CONCLUSION

Google respectfully requests the Court transfer this case to NDCA.

Dated: May 20, 2022

*/s/ Luann L. Simmons*

Paige Arnette Amstutz
Texas State Bar No. 00796136
pamstutz@scottdoug.com
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

Darin W. Snyder (*Pro Hac Vice*)
dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Bill Trac (*Pro Hac Vice*)
btrac@omm.com
Amy K. Liang (*Pro Hac Vice*)
aliang@omm.com
Daniel Silverman (*Pro Hac Vice*)
dsilverman@omm.com

**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701

***Attorneys for Defendant Google LLC***

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on May 20, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Luann L. Simmons*
Luann L. Simmons
