

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PARUS HOLDINGS INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 6:21-cv-571-ADA |
| | § | |
| GOOGLE LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | ▇▇▇▇▇▇▇▇▇▇▇▇ |
| | § | |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS
OPPOSED MOTION TO TRANSFER VENUE TO THE
<u>NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)</u>**

# TABLE OF CONTENTS

**Page**

A.  Witness Convenience Heavily Favors Transfer ................................................................. 1

B.  Access To Sources Of Proof Heavily Favors Transfer ...................................................... 2

C.  Compulsory Process Heavily Favors Transfer .................................................................. 2

D.  Other Practical Problems Favor Transfer .......................................................................... 3

E.  The Public Factors Are Neutral Or Favor Transfer ........................................................... 3

F.  Google Thoroughly Investigated And Provided Relevant Discovery ................................. 4

# TABLE OF AUTHORITIES

**Page**

<u>**CASES**</u>

*Audioscience Inc. v. Google LLC*,
   2022 WL 3705022 (W.D. Tex. Aug. 18, 2022)...................................................................... 3

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020)............................................................................................ 3

*In re Apple, Inc.*,
   581 F. App'x 886 (Fed. Cir. 2014) ....................................................................................... 3

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)............................................................................................ 2

*In re Google (Express Mobile)*,
   2021 WL 5292267 (Fed. Cir. Nov. 15, 2021)...................................................................... 2

*In re Google (Sonos)*,
   2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ..................................................................... 2

*Motion Offense v. Google*,
   2022 WL 3723303 (W.D. Tex. Aug. 29, 2022)..................................................................... 5

*Super Interconnect Techs. v. Google LLC*,
   2021 WL 6015465 (W.D. Tex. Nov. 8, 2021)....................................................................... 1

*XR Comms. v. Apple, Inc.*,
   No. 6:21-cv-620 (W.D. Tex. Sept. 9, 2022) ......................................................................... 5

**TABLE OF EXHIBITS**

| EX. | DESCRIPTION |
|---|---|
| A | Salil Pradhan LinkedIn Profile |
| B | Parus Management Team, December 20, 2019 |
| C-1 | Tellme FAQ page, August 17, 2000 |
| C-2 | Mike McCue LinkedIn Profile |
| D-1 | BeVocal FAQ, October 18, 2001 |
| D-2 | Michael Berner LinkedIn Profile |
| D-3 | Steve Tran LinkedIn Profile |
| E-1 | Douglas Moran, Adam Cheyer, Luc E. Julia, and David L. Martin, Multimodal User Interfaces in the Open Agent Architecture |
| E-2 | Douglas Moran LinkedIn Profile |
| E-3 | Adam Cheyer LinkedIn Profile |
| E-4 | Luc Julia LinkedIn Profile |
| E-5 | David Martin LinkedIn Profile |
| F-1 | General Magic magicTalk, July 11, 2000 |
| F-2 | Marc Porat LinkedIn Profile |
| G | *Profectus Tech. LLC v. Google LLC* trial testimony of Ms. Susan West regarding Sony Photo Frame Model PHD-A55 |
| H | *VideoShare, LLC v. v. Google LLC* trial testimony of Ms. Nancy Miracle regarding YourVideoOnTheWeb |
| I | Google Flight searches from SFO and SJC to ACT |
| J | Docket Navigator time to case milestones in NDCA and WDTX, 2008-2022 |
| K | Docket Navigator patent case filings in NDCA and WDTX, 2008-2022 |
| L | Parus's First Supplemental Objections and Responses to Google LLC's First Set of Venue-Related Interrogatories (Nos. 1, 3, and 4), July 29, 2022 (SEALED) |
| M | Parus's Second Supplemental Objections and Responses to Google LLC's First Set of Venue-Related Interrogatories (Nos. 1, 2, and 4), August 12, 2022 (SEALED) |
| N | Google's '705 Patent Invalidity Contentions – Open Agent Architecture |
| O | Google's '705 Patent Invalidity Contentions – Tellme |
| P | Google's '705 Patent Invalidity Contentions – BeVocal |
| Q | Google's '705 Patent Invalidity Contentions – General Magic |

**TABLE OF EXHIBITS**
**(continued)**

| | |
|---|---|
| R | Parus Payroll, PARUS_540468 (SEALED) |
| S | Andrew Rope Interviews, GOOG-PARUS2-00024283 (SEALED) |
| T | 2022-08-08 Trac Letter to Shomaker Re: Venue Discovery (SEALED) |
| U | 2022-08-15 Trac Letter to Shomaker Re: Venue Discovery (SEALED) |
| V | Email chain regarding inadvertent production of username information (SEALED) |

Parus's opposition is nothing more than smoke and mirrors.  Parus first points to a Parus witness and documents it claims have been relocated to this District *after* this case was filed.  But black-letter law requires that transfer motions be decided based on facts *as of the time of filing*.  *Super Interconnect Techs. v. Google LLC*, 2021 WL 6015465, at *2 (W.D. Tex. Nov. 8, 2021).  Here, those facts irrefutably evidence no Parus witnesses or documents in this District.  Indeed, it was these facts that led the Court to transfer the related *Parus v. LG* case to NDCA.

Next, because its post-filing efforts to create ties to this District are insufficient, Parus belatedly attempts to manufacture discovery disputes.  Parus cannot identify *any* dispute that it saw fit to raise with the Court in a motion to compel.  Instead, the parties met and conferred and reached agreement on nearly all discovery issues.  And Google's declarant, Andrew Rope, conducted a thorough investigation including interviews establishing that the relevant Google technical, financial, and marketing witnesses are in NDCA, not in this District.  Given the broad spectrum of Google witnesses located in NDCA, and the absence of relevant witnesses in the District at the time of filing, the facts overwhelmingly support transfer.

## A.      Witness Convenience Heavily Favors Transfer

Google identified six likely Google trial witnesses—the technical, finance, and marketing team leads for the accused technology—each of whom is based in NDCA along with the vast majority of their team members.  Rope Decl. ¶¶ 4a-4f.  Parus does not dispute that each of these witnesses is knowledgeable about the specific accused functionalities in Parus's Complaint and infringement contentions, nor that these witnesses are in NDCA.  *See* Dkt. 68 ("Opp.") at 10-12.

At the time of filing, no Parus witness was in this District.  Parus CEO Taj Reneau was in Illinois.  Ex. L at 10 (Interrog. 2).  And named inventor Alex Kurganov was in ████████████, a fact he states under oath.  *Id*.; Ex. 25.  Under the wrong transfer analysis factor, Parus argues alleged inconvenience to Mr. Kurganov.  Opp. at 12.  But travel is inconveniently lengthy from

███████████ to either this District or NDCA. *In re Google (Sonos)*, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). Mr. Kurganov's post-Complaint "presence" in the District is not only irrelevant, it is manufactured. ██████████████████████████████████████████ ████████████████████████████████████████████ Opp. at 12. Likewise, while Parus mentions (again under the wrong factor) two allegedly willing ex-Webley witnesses in Texas, neither resides in this District, and Parus fails to identify any relevant testimony that they might provide. *Id*. at 9-10. The key witnesses are in NDCA, not this District.

### B.    Access To Sources Of Proof Heavily Favors Transfer

Parus had *no documents* in the District at the time it filed its Complaint—any documents later sent to Austin came from the New York offices of ██████████. Ex. M at 9 (Interrog. 4). On the other hand, the key technical documents are created and maintained by Google employees predominantly located in NDCA. Rope Decl. ¶ 5. Although irrelevant, Parus belabors the location of various servers but still cannot dispute that Google has no data center in the District.[1] Ex. 14 at 13-14. Ultimately, it is Google employees located in NDCA that are creating and maintaining Google's relevant documents, a fact that bears directly on the ease of access to sources of proof. Ex. 1, 57:8-20, 60:19-61:6; *In re Google (Express Mobile)*, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). And the bulk of the relevant evidence will come from the documents of those Google employees. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). This factor heavily favors transfer.

### C.    Compulsory Process Heavily Favors Transfer

Parus argues that Google has not shown any witnesses are unwilling. Opp. at 7. But witnesses are assumed to be unwilling absent contrary evidence. *Audioscience Inc. v. Google LLC*,

[1] ████████████████████████████████████████████████████
████████████████████████████

2022 WL 3705022, at *5 (W.D. Tex. Aug. 18, 2022). This factor "weigh[s] heavily in favor of transfer where more third-party witnesses reside within the transferee venue than reside in the transferor venue." *Id.* (quoting *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014)).

Here, Google identified NDCA-based prior art witnesses from its Invalidity Contentions, as well as Parus's former CTO, Salil Pradhan. *See* Dkt. 45 ("Mot.") at 8-9; Exs. N-Q. ████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████. Ex. R. Even if it were true, Mr. Pradhan has recent knowledge regarding Parus's technology and operations.

Conversely, Parus fails to identify any third-party witness likely to testify at trial. Parus's mishmash of Dallas-based prior art witnesses, Opp. at 10, is not related to Google's identified prior art, and Parus is not presenting an invalidity defense of its own patents. The only unwilling witness Parus identifies is ████████, a Webley engineer from 2007 to 2009—seven years after the alleged conception date. Ex. 15. Only Google, not Parus, has credibly identified potential trial witnesses, all of whom are in NDCA, weighing this factor heavily in favor of transfer.

### D.    Other Practical Problems Favor Transfer

Judicial economy favors transfer because the *Parus v. LG* case has already been transferred to NDCA. Parus argues that this Court has familiarity with the case and related patents from *Markman* (Opp. at 14-15). But because *Markman* was decided when motions to transfer were pending, the Court's knowledge gained from those proceedings must not be considered. *In re Apple Inc.*, 979 F.3d 1332, 1343 (Fed. Cir. 2020). With motions to transfer pending in *all* related cases, judicial efficiency favors transferring the pending Google, Samsung, and Apple lawsuits to NDCA to proceed with the *Parus v. LG* action. This factor favors transfer.

### E.    The Public Factors Are Neutral Or Favor Transfer

Local interest is grounded where "***the events that gave rise to a suit***" occurred. *Apple*, 979

F.3d at 1345 (emphasis in original). Google developed the accused technology in NDCA. *See* Mot. § I.A. And Parus was ***not*** present in the District at the time of suit. Parus speculates that Google patent licensing employees with "vital" information might be in the District (Opp. at 14), but provides no support beyond a printout of Austin job posting categories from September 2022, well over a year after the filing of the Complaint. Parus does not point to any Google employee in Austin with knowledge relevant to this case, and as discussed above, Mr. Rope's thorough investigation shows that the Google employees with technical, financial, and marketing knowledge of the accused functionality are overwhelmingly in NDCA. None of them are in Texas.

Parus incorrectly compares trial times from 2008 for NDCA vs. for Judge Albright; Judge Albright did not take the bench until 2018. Google correctly compared patent cases from NDCA versus all of WDTX from 2008. Mot. at 11-12. Court congestion is neutral.

Finally, familiarity with governing law and conflict of laws is neutral. Parus incorrectly argues this Court's familiarity with the ***facts***, not patent ***law***. And as explained above, *supra* Section D, the Court should not weigh its post-transfer motion familiarity with related cases.

### F.     Google Thoroughly Investigated And Provided Relevant Discovery

Andrew Rope thoroughly investigated the location of Google employees on key technical, financial, and marketing teams, examining whether the identified team leads ***or any member of their teams*** were in Texas. Ex. 1 at 52:4-24, 133:13-134:11. Mr. Rope's investigation spanned several weeks and included not only interviews with team leads, but also follow-up interviews with additional individuals identified during initial interviews. Ex. 1 at 74:23-77:21, 93:20, 135:3-136:1. Mr. Rope ultimately interviewed 13 individuals and conducted 21 total interviews of around 30-60 minutes each. Ex. S; Ex. 1 at 66:1-6, 71:3-8, 78:6-10, 82:14-18, 87:3-6, 90:13-16. Mr. Rope identified two team members ***temporarily*** in Texas around June 2021 and confirmed they lacked relevant knowledge. Ex. 1 at 76:11-77:21, 93:20, 136:2-19. The Court has credited

Mr. Rope for his investigation in *Motion Offense v. Google*, 2022 WL 3723303, at \*2 (W.D. Tex. Aug. 29, 2022); *see XR Comms. v. Apple, Inc.*, No. 6:21-cv-620, Dkt. 72-1 (W.D. Tex. Sept. 9, 2022). Mr. Rope's investigation here was just as, if not ***more,*** comprehensive. Ex. 1 at 86:18-94:4.

Parus's accusation that Google used privilege as a "sword and shield" is belied by Mr. Rope's candid description of his investigation— ██████████████████████████████ ███████████████████████████ Ex. 1 at 16:16-19, 28:17-20, 38:10-18, 43:17-22. And Parus's claims that Google obstructed discovery are contradicted by the parties' ***agreement*** as to the scope of deposition topics and documents to be produced. *See, e.g.*, Exs. T-U. ████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████ █████████████████████

███████████████████████████████████████ ████████

██████████████████████████████████████████████

██████████████████████████████

As this Court has explained, "Parties should timely and explicitly seek appropriate relief if they believe the opposing party failed to provide discovery." *Motion Offense*, 2022 WL 3723303, at \*3. Parus's failure to seek relief confirms that Google's production was sufficient.

─────────────────

█ ██████████████████████████████████████████████ ███████████████████████████████████

Dated:  September 16, 2022

/s/ Luann L. Simmons

Paige Arnette Amstutz
Texas State Bar No. 00796136
pamstutz@scottdoug.com
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

Darin W. Snyder (*Pro Hac Vice*)
dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Bill Trac (*Pro Hac Vice*)
btrac@omm.com
Amy K. Liang (*Pro Hac Vice*)
aliang@omm.com
Daniel Silverman (*Pro Hac Vice*)
dsilverman@omm.com

**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701

***Attorneys for Defendant Google LLC***

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 16, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

*/s/ Luann L. Simmons*
Luann L. Simmons